FILED
2025 DEC 19 11:51 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-38426-8 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROXANA LAFLEUR, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC., <br> a Delaware corporation, <br> AMAZON.COM SALES, INC., <br> a Delaware Corporation, <br> AMAZON.COM SERVICES, LLC., <br> a Delaware Limited Liability Company, <br> GUANGDONG MIDEA CONSUMER <br> ELECTRIC MANUFACTURING CO., LTD, <br> a Chinese Limited Liability Company, and, <br> MIDEA AMERICA CORP., <br> a Florida Corporation, <br><br> Defendants. | CAUSE NO. <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff Roxana Lafleur, by and through her counsel, Daniel R. Laurence of Stritmatter Kessler Koehler Moore, brings this civil action, and alleges and states as follows:

COMPLAINT AND JURY DEMAND - 1

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

# I. **PARTIES**

1.    Plaintiff Roxana Lafleur, also known as Roxanne LaFleur, resides in Pueblo West, Pueblo County, Colorado, and is a citizen of the state of Colorado.

2.    Defendant Amazon.com, Inc., Defendant Amazon.com Sales, Inc. and Defendant Amazon.com Services, LLC (formerly known as Amazon.com Services, Inc.), d/b/a Amazon ("Amazon") market, import, distribute and sell a variety of consumer products, including the subject Instant Pot® Pressure Cooker.

3.    Defendant Amazon.com, Inc. is, is a Delaware Corporation, registered with the office of the Secretary of State of the state of Washington to do business in the state of Washington, UBI Number: 601 720 490, with its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109–5210.  Therefore, Defendant Amazon.com, Inc. is deemed to be a resident and citizen of the state of Washington.

4.    Defendant Amazon.com Sales, Inc., is a Delaware Corporation, registered with the office of the Secretary of State of the state of Washington to do business in the state of Washington, UBI Number: 602 030 692, with its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109–5210. Therefore, Defendant Amazon.com Services, Inc. is deemed to be a resident and citizen of the state of Washington.  Amazon.com Sales, Inc. is a wholly owned subsidiary of Amazon.com, Inc.

5.    Defendant Amazon.com Services, LLC, formerly known as Amazon.com Services, Inc., is a Delaware Limited Liability Company, registered with the office of the Secretary of State of the state of Washington to do business in the state of Washington, UBI Number: 602 201 545, with its principal place of business located at 410 Terry Avenue North, Seattle, WA 98109–5210.  Therefore, Defendant Amazon.com Services, Inc. is deemed to be a resident and citizen of the

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

state of Washington.  Amazon.com Services LLC is a wholly owned subsidiary of Amazon.com Sales, Inc.

6.      At the time this action was commenced, Corporation Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, WA 98501, was the registered agent for service of process in the state of Washington for Amazon.com, Inc., Amazon.com Sales, Inc., and Amazon.com Services, LLC.

7.      Instant Brands Inc., who is not a party to this civil action, was a Canadian Corporation, and was the designer, manufacturer, importer, promoter, and distributor of the Instant Pot® pressure cooker product that is the subject of this civil action.  However, on June 12, 2023, Instant Brands Acquisition Holdings Inc. filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas commencing the case numbered 23-90716.  On February 23, 2024, the Bankruptcy Court entered an order confirming Instant Brands' Chapter 11 plan of reorganization.  The Plan became effective on February 27, 2024.  Exhibit A to the Order, Article VII, section L states, in part:

> For the avoidance of doubt, all liabilities of the Debtors, the Debtors' Estates, or the Reorganized Debtors for any Product Liability Claims shall be discharged on the Effective Date in accordance with the Plan.

As a result of the discharge in Bankruptcy, Instant Brands Inc. cannot be joined as a party to this litigation, and any potential liability it had to Plaintiff has been discharged.

8.      Upon information and belief Defendant Guangdong Midea Consumer Electric Manufacturing Co., Ltd. ("Midea") is a Chinese business entity that manufactured Instant Pot® products for Instant Brands Inc.  However, Midea is not registered to do business in any state in the United States and is not subject to the

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

jurisdiction of this Superior Court, or any other court in the state of Washington, and will not voluntarily subject itself to the jurisdiction of this Superior Court.[1]

9. Upon information and belief, Defendant Midea America Corp., ("Midea America") substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

10. Defendant Midea America was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Florida with its headquarters and principal place of business located in Parsippany, New Jersey.

11. Defendant Midea America is not registered to do business in the state of Washington.  Upon information and belief Midea America is not subject to the jurisdiction of this Superior Court, or any other court in the state of Washington, and will not voluntarily subject itself to the jurisdiction of this Superior Court.

## II. JURISDICTION AND VENUE

12. This Superior Court has original jurisdiction over this civil action pursuant to RCW 2.08.010.

13. The Amazon defendants are each subject to the *in personam* jurisdiction of this Superior Court, because, at all times pertinent to this lawsuit, the principal place of business of Amazon.com, Inc., Amazon.com Sales, Inc., and Amazon.com Services, LLC, was in the state of Washington at the address of 410 Terry Avenue North, Seattle, WA 98109–5210.

---

[1]    In prior litigation involving the opening under pressure of a lid of an Instant Pot® in the District of Colorado, Midea was named as a party defendant.  Midea filed a Motion to Dismiss for Lack of Personal Jurisdiction, supported by an Affidavit, asserting that it is a Chinese company with no contacts in the state of Colorado.  The Court granted the Motion to Dismiss.  See: *Cooper et al. v. Instant Brands, Inc., Guangdong Midea Consumer Electric Manufacturing Co., et al.*, Dist. Colo. Case No. 1:18-cv-02611-MSK-STV, Documents 92, 92-1, and 115.

COMPLAINT AND JURY DEMAND - 4

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

14. Venue is proper in this Superior Court because Defendants Amazon.com, Inc., Amazon.com Sales, Inc., and Amazon.com Services, LLC, each has its principal place of business in this county, and each of these defendants is subject to the court's personal jurisdiction.

### III. NATURE OF THE CASE

15. This civil action asserts claims for personal injuries received by Plaintiff Roxana Lafleur, when an Instant Pot® she purchased ["Instant Pot® Pressure Cooker" or "relevant product"] distributed and sold by Amazon.com, Inc., Amazon.com Sales, Inc., and/or Amazon.com Services, LLC, [hereafter "Amazon defendants"] malfunctioned when the lid opened while the pot was still pressurized, causing its scalding hot contents to erupt from the product and cause serious burn injuries to her.

16. As detailed below, on the basis of information and belief formed after reasonable inquiry and subject to discovery, each of the defects in the design, construction and/or warnings and instructions, within the meaning of Chapter 7.72 RCW, of the Instant Pot® Pressure Cooker, which defects existed at the time of manufacture, and each post-manufacture failure to warn and/or instruct, and/or the Amazon defendants' independent negligence, was a cause in fact and the legal cause of the lid of the subject Instant Pot® Pressure Cooker opening while its contents were under pressure, and was a proximate cause of Plaintiff's injuries.

### IV. PRODUCT, PURCHASE AND INCIDENT

17. On May 16, 2020, Plaintiff Roxana Lafleur purchased the subject Instant Pot® Pressure Cooker as a new product from Amazon, Order# 113-7377343-4523424. A copy of the Order Details for that purchase is Image 1, below.

COMPLAINT AND JURY DEMAND - 5

**Order Details**

Ordered on May 16, 2020  |  Order# 113-7377343-4523424

**Shipping Address**
Zeke and Roxanne LaFleur
330 S SOUCHAK CT
PUEBLO, CO 81007-2800
United States

**Payment method**
Amazon Store Card ending in 9357

**Order Summary**
| | |
|---|---|
| Item(s) Subtotal: | $79.00 |
| Shipping & Handling: | $0.00 |
| Total before tax: | $79.00 |
| Estimated tax to be collected: | $3.08 |
| **Grand Total:** | **$82.08** |

∧ Transactions
Items shipped: May 24, 2020 - AmazonPLCC ending in 9357: $82.08

Total: $82.08

Instant Pot Duo 7-in-1 Electric Pressure Cooker, Slow Cooker, Rice Cooker, Steamer, Saute, Yogurt Maker, and Warmer, 6 Quart, 14 One-Touch Programs
Sold by: Amazon.com Services, Inc
Return window closed on Jun 24, 2020
$79.00
Condition: New

Image 1

18.    Amazon accepted payment of $82.08 from Plaintiff for that purchase by way of an Amazon Store Card ending in 9357.

19.    On May 24, 2020, Amazon shipped the subject Instant Pot® Pressure Cooker to Zeke and Roxanne LaFleur, or arranged for the product purchased to be shipped to them, for delivery to the address of 330 S Souchak Ct, Pueblo, CO 81007-2800.

20.    The Instant Pot® Pressure Cooker was expected to and did reach the consumer Plaintiff without substantial change in the condition in which it was sold.

21.    Image 2, below, is a photograph of the product identification label of the subject Instant Pot® Pressure Cooker, identifying this product as an Instant Pot® Electric Pressure Cooker, Model Duo 60 V3, with a date code of A0220CU.

COMPLAINT AND JURY DEMAND - 6

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011



Image 2

22.    On or about December 25, 2023, while Plaintiff Roxana Lafleur was using the subject Instant Pot® Pressure Cooker in a reasonable and foreseeable way, its lid opened while the contents were under pressure.  The scalding hot contents forcefully erupted from the pot, which caused Plaintiff Roxana Lafleur serious burn injuries to her torso, stomach, and both breasts.  Image 3 below is a photograph of the burn injury to Plaintiff's stomach.

Image 3

COMPLAINT AND JURY DEMAND - 7

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

## V. ACCRUAL OF THE CAUSES OF ACTION

23.     Prior to the above-described event on December 25, 2023, Plaintiff Roxana Lafleur had neither knowledge nor notice that there were any defects in the Instant Pot® Pressure Cooker's design, manufacture, or labeling.

24.     Prior to the above-described event on December 25, 2023, the Instant Pot® Pressure Cooker had not malfunctioned.

25.     Prior to the above-described event on December 25, 2023, Plaintiff had not suffered any injury from the use of the Instant Pot® Pressure Cooker.

26.     Plaintiff's cause of action against Defendants accrued on December 25, 2023.

## VI. "PRODUCT SELLER" AND "MANUFACTURER"

27.     The Amazon defendants are engaged in the business of selling products to consumers throughout the United States, including in the state of Colorado, including but not limited to the subject Instant Pot® Pressure Cooker.

28.     Pursuant to RCW 7.72.010(2) the definition of a "Manufacturer" includes a product seller who designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product before its sale to a user or consumer.  The term also includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer.

29.     Pursuant to RCW 7.72.010(2) Instant Brands Inc. was a "manufacturer" of the subject Instant Pot® Pressure Cooker.  However, as stated above, all product liability claims against Instant Brands Inc. have been discharged by the Order of the United States Bankruptcy Court for the Southern District of Texas entered in case on February 23, 2024, confirming the Instant Brand's Chapter 11 plan of reorganization.

COMPLAINT AND JURY DEMAND - 8

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

30.   Pursuant to RCW 7.72.010(2) Defendant Midea was a "manufacturer" of the subject Instant Pot® Pressure Cooker.  However, as stated above, Midea is not registered to do business in any state in the United States and is not subject to the jurisdiction of this Superior Court, or any other court in the state of Washington, and upon information and belief will not voluntarily subject itself to the jurisdiction of this Superior Court.

31.   Upon information and belief, Defendant Midea America Corp., ("Midea America") substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

32.   Pursuant to RCW 7.72.010(2) Defendant Midea America may have been a "manufacturer" of the subject Instant Pot® Pressure Cooker.  However, as stated above, Midea America is not registered to do business in the state of Washington, and is not subject to the jurisdiction of this Superior Court, and upon information and belief will deny that it is either a manufacture or seller of the subject Instant Pot® Pressure Cooker, and will not voluntarily subject itself to the jurisdiction of this Superior Court.

33.   Pursuant to RCW 7.72.010(1) the definition of a "Product seller" means any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption.  The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product.

34.   The Amazon defendants are a "product seller" of the subject Instant Pot® Pressure Cooker within the meaning of RCW 7.72.010(1).

35.   The subject Instant Pot® Pressure Cooker, together with its packaging, warnings and/or instructions, is a "relevant product" within the meaning of RCW 7.72.010(3).

COMPLAINT AND JURY DEMAND - 9

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

36.    Neither Defendant Midea, nor Defendant Midea America, or any other solvent manufacturer who may be liable to the claimant, that may be a "manufacturer" of the Instant Pot® Pressure Cooker within the meaning of RCW 7.72.010(2), is registered to do business in the state of Washington, or is subject to service of process under the laws of the claimant's domicile or the state of Washington.

37.    It is highly probable that the claimant, Plaintiff Roxana Lafleur, will be unable to enforce a judgment against any manufacturer of the product that is the subject of this civil action.

38.    Pursuant to RCW 7.72.040(2) the Amazon defendants shall have the liability of a manufacturer to the claimant as:

    a.  No solvent manufacturer who would be liable to the claimant is subject to service of process under the laws of the claimant's domicile or the state of Washington; and,

    b.  It is highly probable that the claimant would be unable to enforce a judgment against any manufacturer.

## VII. INDUSTRY STANDARDS

39.    UL LLC ("UL"), formerly known as Underwriters Laboratories, is a for-profit company that, among other things, promulgates safety standards for some consumer products, performs safety tests on some such products and issues various designations such as listings and certifications to indicate conformity with its standards.  UL inspects and tests consumer products and promulgates consumer product safety standards.  Those standards are widely accepted in the consumer products industry both in the United States and abroad.  For example, UL's Standards Technical Panels serve as the consensus body for both American National Standards and National Standards of Canada.

COMPLAINT AND JURY DEMAND - 10

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

40. The Instant Pot® Pressure Cooker states on its label: "UL Listed" and the information, "9H06 E214884". [Image 2, above.]

41. A product seller that states the relevant product is "UL Listed" represents that UL has determined, either through its own testing or reliance on manufacturer testing, that the product meets recognized standards for safety, and is free from some foreseeable risks of electric shock or fire under some circumstances.

42. UL Standard for Pressure Cookers, UL Standard 136 is an industry standard that applies to the subject Instant Pot® Pressure Cooker.

43. UL Standard for Pressure Cookers, UL Standard 136, requires, in part, that when the Instant Pot® Pressure Cooker is under pressure the cover [lid] should not be able to be opened by the application of a line of force of 100 pounds (445 N) or less, maintained at 90 degrees to the radius of the point of attachment, with the force to be applied gradually.

44. The UL listing means, in part, that when the Instant Pot® Pressure Cooker is under pressure the cover [lid] should not be able to be opened by an ordinary user manually defeating the holding action of the lid locking device.

45. The UL listing means, in part, that when the Instant Pot® Pressure Cooker is under pressure the cover [lid] should not open by an ordinary user attempting to open the lid, mistakenly believing that there is no pressure in the pressure cooker.

46. By labeling the Instant Pot® Pressure Cooker as "UL Listed", it is represented that it complied with the UL Standard for Pressure Cookers, UL Standard 136, at the time of manufacture.

47. By labeling the Instant Pot® Pressure Cooker as "UL Listed", it is represented that it complied with the UL Standard for Pressure Cookers, UL

COMPLAINT AND JURY DEMAND - 11

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

Standard 136, at the time of the purchase of the product from Amazon.com as a new product.

48.    However, the Instant Pot® Pressure Cooker did not comply with applicable UL standards, because the lid could open while under pressure by an ordinary user, because the testing failed to detect a defect in the product's design, and/or because the Instant Pot® Pressure Cooker was defectively constructed.

## VIII. NOTICE: PRIOR SIMILAR INCIDENTS

49.    Upon information and belief, the Amazon defendants, or a third party acting on their behalf, has a database of each instance in which a consumer reported to Amazon that the lid of an Instant Pot® Pressure Cooker purchased from Amazon opened while the contents were under pressure.

50.    Before the subject Instant Pot® Pressure Cooker was manufactured and/or sold, and before Plaintiff Roxana Lafleur was injured by that Pressure Cooker, the Amazon defendants had notice of other prior similar incidents of the lids of Instant Pot® Pressure Cookers it sold opening under pressure, and causing personal injury.

## IX. FIRST CAUSE OF ACTION
### DESIGN DEFECT
### RCW 7.72.030(1)(A)

51.    Plaintiff incorporates the foregoing allegations.

52.    On December 25, 2023, Plaintiff Roxana Lafleur used the subject Instant Pot® Pressure Cooker for its intended purpose of preparing food, chicken soup, and did so in a reasonable manner that was foreseeable by Defendant Amazon.com and the designer(s) and manufacturer of the product.

53.    Under foreseeable use, the subject Instant Pot® Pressure Cooker's lid opened while the unit was pressurized, causing its scalding hot contents to erupt from the pot and onto Plaintiff.

COMPLAINT AND JURY DEMAND - 12

54.    The Instant Pot® Pressure Cookers, including the subject Instant Pot® Pressure Cooker, have design defects that make them unreasonably dangerous for their intended use by consumers.  Specifically, because of those defects:

   a.  The lid of the Instant Pot® Pressure Cooker can open while the unit remains pressurized;

   b.  The Instant Pot® Pressure Cooker was designed in such a way that the lid could be opened by an ordinary user attempting to open the lid, mistakenly believing that there is no pressure in the pressure cooker;

   c.  The Instant Pot® Pressure Cooker did not comply with UL Standard 136;

   d.  The Instant Pot® Pressure Cooker's instructions and warnings did not warn that in spite of the various features incorporated into the product the lid could be opened when the contents were under pressure; and,

   e.  The Instant Pot® Pressure Cooker was designed and sold to Plaintiff without a visible, reliable accurate and redundant mechanical or electronic indicator that would assure the user that the vessel's pressure had been reduced to a level at which the user could safely open the lid of the Pressure Cooker without relying solely on whether steam was not escaping from the Steam Release Valve and/or the Float Valve.

55.    At the time of manufacture, the likelihood that the subject Instant Pot® Pressure Cooker would cause Plaintiff Roxana Lafleur's injuries or similar harms, and the seriousness of those harms, outweighed the burden on the manufacturer of the Instant Pot® Pressure Cooker to design a similar product that would have

COMPLAINT AND JURY DEMAND - 13

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

prevented those harms without a materially adverse effect that an alternative design that was practical and feasible would have on the usefulness of that product.

56. The manufacturer knew or reasonably should have known (assuming they had adequately designed and/or tested the subject Instant Pot® Pressure Cooker) that:

   a. the lid could be opened when the Instant Pot® Pressure Cooker is still under pressure; and,

   b. the safety devices were inadequate to prevent the lid from being opened when Instant Pot® Pressure Cooker is still pressurized.

57. The subject Instant Pot® Pressure Cooker at the time of its manufacture and thereafter was dangerous to an extent beyond which would be contemplated by the ordinary consumer for the reasons identified above.

58. Economical and safer alternative designs were available at the time of the subject Instant Pot® Pressure Cooker's manufacture that could have prevented the defects identified above.

59. Economical and safer alternative designs were available at the time of the subject Instant Pot® Pressure Cooker's manufacture that could have prevented the defect identified above.

60. Pursuant to RCW 7.72.040(2) the Amazon defendants shall have the liability of a manufacturer to Plaintiff.

## X. SECOND CAUSE OF ACTION

### CONSTRUCTION DEFECT

### RCW 7.72.030(2)(A)

61. Plaintiff incorporates the foregoing allegations.

COMPLAINT AND JURY DEMAND - 14

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

62. Plaintiff Roxana Lafleur used the Instant Pot® Pressure Cooker for its intended purpose of food preparation and did so in a reasonable manner that was foreseeable by the manufacturer and the Amazon defendants.

63. However, even if the Instant Pot® Pressure Cooker was not defective in design, it was, in the alternative, defectively constructed, because, on the basis of information and belief formed after reasonable investigation and subject to discovery, that Instant Pot® Pressure Cooker deviated in some material way from the intended design specifications and/or performance standards of the manufacturer, and/or deviated in some material way from otherwise identical units of the same product line. The deviation(s) included, but may not have been limited to, the Instant Pot® Pressure Cooker's failure to comply with UL Standard 136.

64. The construction defect in the Instant Pot® Pressure Cooker failed to prevent the lid from opening while the unit remained pressurized, during the ordinary, foreseeable, and proper use of cooking food, placing Plaintiff in unreasonable danger while using it, and causing Plaintiff's injuries and damages.

65. The construction defects in the subject Instant Pot® Pressure Cooker made it unsafe to an extent beyond that which would be contemplated by the ordinary consumer; specifically, because the lid of the product may be opened under normal and foreseeable use while pressurized.

66. Pursuant to RCW 7.72.040(2) the Amazon defendants shall have the liability of a manufacturer toPlaintiff.

## XI. THIRD CAUSE OF ACTION
## POST-MANUFACTURE FAILURE TO WARN
### RCW 7.72.030(1)(C)

67. Plaintiff incorporates the foregoing allegations.

COMPLAINT AND JURY DEMAND - 15

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

68.   Even after the manufacturer and the Amazon defendants knew or should have known of the Instant Pot® Pressure Cooker's defects and danger described above, each of them failed to warn its consumers, among with Plaintiff Roxana Lafleur, of these defects, and the serious risks posed by these defects.

69.   The manufacturer and the Amazon defendants failed to provide Plaintiff adequate warnings or instructions after the product was manufactured, after the manufacturer and the Amazon defendants learned, and/or a reasonably prudent manufacturer or seller should have learned, of the above-described defects and resulting danger after the Instant Pot® Pressure Cooker was manufactured and sold.

70.   Under those circumstances, the manufacturer and the Amazon defendants as the seller, were under a duty to act with regard to issuing post-sale warnings or instructions concerning the danger in the manner that a reasonably prudent manufacturer or seller would act in the same or similar circumstances.

71.   The duty to provide Plaintiff post-sale warnings was not satisfied because the manufacturer and the Amazon defendants each failed to exercise reasonable care to inform product users, including Plaintiff Roxana Lafleur, of the defects and resulting danger described above.

72.   Pursuant to RCW 7.72.040(2) the Amazon defendants shall have the liability of a manufacturer to Plaintiff.

## XII. FOURTH CAUSE OF ACTION
## STRICT PRODUCT LIABILITY
### Colorado Product Liability Act, C.R.S. §13-21-401, *et seq*.

73.   To the extent that the Colorado law of product liability may be applicable to this case, Plaintiff incorporates the foregoing allegations.

COMPLAINT AND JURY DEMAND - 16

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

74. Defendants are subject to the provisions of the Colorado Product Liability Act, C.R.S. §13-21-401, et seq. for products that it manufactured, and which were sold to, distributed to, and used by citizens of the state of Colorado.

75. The subject Instant Pot® Pressure Cooker is a "product", as that word is used in the Colorado Product Liability Act.

76. Defendants were the manufacturer of the subject Instant Pot® Pressure Cooker, as the word "manufacturer" is defined by the Colorado Product Liability Act, C.R.S. §13-21-401(1).

77. Defendants were the seller of the subject Instant Pot® Pressure Cooker, as the word "seller" is defined by the Colorado Product Liability Act, C.R.S. §13-21-401(3).

78. Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to manufacture, distribute, and sell a product that was reasonably safe in construction, which did not materially deviate from applicable design specifications, or otherwise deviate in some material way from otherwise identical units in Defendant's product line.

79. Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to design, manufacture, assemble, test, label, distribute, and sell a product that was not unreasonably dangerous.

80. Pursuant to the Colorado Product Liability Act, Defendants owed a duty to Plaintiff to design, manufacture, assemble, test, label, distribute, and sell a product that conformed to its implied warranties, including, but not limited to, the implied warranty that Defendants' products were reasonably safe for use by consumers.

81. Defendants had a duty to design, manufacture, import, place into the stream of commerce, distribute, market, and sell the subject Instant Pot® Pressure

COMPLAINT AND JURY DEMAND - 17

Cooker so that it was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed, and sold.

82. The subject Instant Pot® Pressure Cooker used by Plaintiff was in a defective condition and unreasonably dangerous to the user or consumer at the time it left the possession of Defendants, and at the time it entered the stream of commerce, because of, but not limited to, the following:

a. the subject Instant Pot® Pressure Cooker was not reasonably safe as intended to be used;

b. the subject Instant Pot® Pressure Cooker contained manufacturing defects, including that the lid could be opened while the contents were under pressure;

c. the design of the subject Instant Pot® Pressure Cooker presented risks which exceeded the utility of the product;

d. the subject Instant Pot® Pressure Cooker was dangerous to an extent beyond which would be contemplated by the ordinary consumer, and did not meet consumer expectations;

e. the subject Instant Pot® Pressure Cooker did not comply with applicable industry standards, including, but not limited to, UL 136;

f. a reasonably prudent manufacturer, distributor, or seller, given knowledge of the subject Pressure Cooker's condition, would not have marketed, distributed or sold the product;

g. the subject Instant Pot® Pressure Cooker was not appropriately or adequately tested before its distribution or sale;

COMPLAINT AND JURY DEMAND - 18

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

h. the subject Instant Pot® Pressure Cooker's marketing, instructions, and packaging, misrepresented its safety characteristics in that it was not safe for use;

i. the seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

j. Defendants failed to warn and place adequate warnings and instructions on the Pressure Cookers; and,

k. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented Plaintiff's injuries and damages.

83. The subject Instant Pot® Pressure Cooker was expected, and did, reach the consumer without substantial change in the condition in which it was sold.

84. The defects in the subject Instant Pot® Pressure Cooker caused the injuries to Plaintiff as set forth in this Complaint.

85. As Jurisdiction cannot be obtained over the manufacturer of the subject Instant Pot® Pressure Cooker, pursuant to the provisions of the Colorado Product Liability Act, C.R.S. §13-21-401, et seq., the Amazon Defendants are deemed to be the "manufacturer" of the subject Instant Pot® Pressure Cooker and are thereby liable to Plaintiff for the claims asserted in this count of this Complaint.

**ORDINARY NEGLIGENCE OF THE MANUFACTURER**

86. Plaintiff incorporates the foregoing allegations.

87. The manufacturer had a duty of reasonable care to Plaintiff not to sell consumer products that it knew or reasonably should have known to be unreasonably

COMPLAINT AND JURY DEMAND - 19

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

dangerous; whether those products were defective within the meaning of Chapter 7.72 RCW or not.

88. The manufacturer knew or reasonably knew that the Instant Pot® Pressure Cooker was dangerous before the pressure cooker was sold to Plaintiff.

89. After the manufacturer received notice and/or actual knowledge that its Instant Pot® Pressure Cooker products were being opened when the device was under pressure it:

   a. Failed to stop distributing the products until after the design defect could be solved;

   b. Failed to stop distributing the products until after any construction defect issue could be solved;

   c. Failed to stop distributing the products until after proper warnings and instructions could be included with the packaging of the products;

   d. Failed to recall timely and effectively the previously distributed products, and products sold to consumers and/or remaining in retail inventory; and,

   e. Failed to exercise reasonable diligence in locating the purchasers of the products.

90. Pursuant to RCW 7.72.040(2) the Amazon defendants shall have the liability of a manufacturer to Plaintiff.

## XIII. FIFTH CAUSE OF ACTION:
## ORDINARY NEGLIGENCE OF THE AMAZON DEFENDANTS

91. Plaintiff incorporates the foregoing allegations.

92. The Amazon defendants had a duty of reasonable care to Plaintiff not to sell consumer products that they knew or reasonably should have known to be

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

unreasonably dangerous; whether those products were defective within the meaning of Chapter 7.72 RCW or not.

93.    The Amazon defendants knew or reasonably knew that Instant Pot® pressure cookers, including the Instant Pot® Pressure Cooker, were dangerous before the subject pressure cooker was sold to Plaintiff.

94.    After the Amazon defendants received notice and/or actual knowledge that the lids of Instant Pot® Pressure Cooker products were being opened when the device was under pressure they:

    a.  Failed to prevent the sale of the Instant Pot® Pressure Cooker to Plaintiff;

    b.  Failed to stop selling the products until after the design defect could be solved;

    c.  Failed to stop selling the products until after any construction defect issue could be solved;

    d.  Failed to stop selling the products until after proper warnings and instructions could be disseminated to product owners;

    e.  Failed to recall timely and effectively the products sold to consumers and/or remaining in retail inventory; and,

    f.  Failed to exercise reasonable diligence in locating owners of the products.

95.    The Amazon defendants received revenue from the distribution transaction(s) resulting in sale of the Instant Pot® Pressure Cooker to Plaintiff.

96.    The Amazon defendants had duties to Plaintiff to notify her timely of the hazards and defects associated with that product and described above, and to do so using reasonable care.

COMPLAINT AND JURY DEMAND - 21

97.     On information and belief formed after reasonable inquiry, and subject to discovery, the Amazon defendants breached their duties of care to Plaintiff by failing to exercise reasonable diligence to identify her as the purchaser of an Instant Pot® Pressure Cooker, and to notify her timely of the hazards and defects associated with that product and described above.

## XIV. SIXTH CAUSE OF ACTION:
## VIOLATION OF WASHINGTON CONSUMER PROTECTION – UNFAIR BUSINESS PRACTICES ACT – CHAPTER 19.86 RCW

98.     Plaintiff incorporates the foregoing allegations.

99.     The manufacturer and the Amazon Defendants' misconduct with respect to the deceptive marketing and sale of the Instant Pot® Pressure Cooker violates the Washington Consumer Protection – Unfair Business Practices Act, Chapter 19.86 RCW.

100.   The manufacturer and the Amazon Defendants engaged in the unfair and deceptive acts and practices described above.

101.   The manufacturer and the Amazon Defendants, in violation of RCW §19.86.020 and RCW §19.86.093, engaged in unfair and deceptive acts or practices injurious to the property of Plaintiff and other members of the public, because it marketed and sold Instant Pot® Pressure Cooker products with false and deceptive claims of safety that (a) injured other persons; (b) had the capacity to injure other persons; and (c) have the ongoing capacity to injure other persons.

102.   The unfair and deceptive acts or practices of manufacturer and the Amazon Defendants include that the Instant Pot® Pressure Cooker products were sold with the claims that they:

  a. had safety features that prevented the lid of the product from being opened while the contents were under pressure, when

COMPLAINT AND JURY DEMAND - 22

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

in fact the lid can be opened when contents are under pressure; and,

    b. complied with applicable UL Standard 136, when those products did not.

103.   The manufacturer and the Amazon Defendants' unfair and deceptive acts and practices occurred in trade and commerce.

104.   The manufacturer and the Amazon Defendants' unfair and deceptive acts and practices affect the public interest as demonstrated by the hazards the Instant Pot® Pressure Cooker presented to its users, the injuries it caused many of them, and the product recall described above.

105.   The manufacturer and the Amazon Defendants' unfair and deceptive acts and practices were causes in fact and legal causes of Plaintiff Roxana Lafleur to suffer injury to her property in the form of the cost of the defective Instant Pot® Pressure Cooker, the fact that it can no longer be used, and her medical expenses caused by the injuries that product inflicted upon him.

## XV. **PUNITIVE/EXEMPLARY  DAMAGES**

### **Pursuant to Colorado Revised Statute § 13-21-102**

106.   Plaintiff incorporates the foregoing allegations.

107.   The conduct of the Amazon defendants upon which the claim for punitive damages is based occurred in the state of Colorado.

108.   After the Amazon defendants knew or should have known of these defects it failed to stop selling Instant Pot® Pressure Cookers online throughout the country, including in the state of Colorado.

109.   Even after the Amazon defendants knew or should have known of these defects, and the risk of serious burn injuries to Instant Pot® Pressure Cooker users,

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

the Amazon defendants prioritized profit over the safety of consumers and continued to sell and profit from sale of these products.

110. The misconduct of the Amazon defendants, as set forth in this Complaint, demonstrates by clear and convincing evidence that the Amazon defendants knew or ought to have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in injury or damage to consumers in any state where it sold the Instant Pot® Pressure Cooker products, including in the state of Colorado.

111. The misconduct of the Amazon defendants, as set forth in this Complaint, demonstrates a callous, reckless, and willful, indifference to the health, safety and welfare of consumers and users of these products, including Plaintiff.

112. The misconduct of the Amazon defendants, as set forth in this Complaint, is attended by circumstances of fraud, malice, or willful and wanton conduct.

113. The Amazon defendants continued their conduct with malice or in reckless disregard of the consequences, from which malice may be inferred, knew or should have known that its Instant Pot® Pressure Cookers possessed defects that posed a serious safety risk to Plaintiff, and other users of these products.

114. Pursuant to RCW 7.72.040(2) the Amazon defendants shall have the liability of a manufacturer to Plaintiff.

115. The misconduct of the Amazon defendants, as set forth in this Complaint, merits an award of exemplary or punitive damages pursuant to Colorado Revised Statute § 13-21-102 and other applicable Colorado Law.

## XVI. PLAINTIFF'S INJURIES AND DAMAGES

116. Plaintiff incorporates the foregoing allegations.

COMPLAINT AND JURY DEMAND - 24

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

117. The manufacturers' and the Amazon defendants' wrongful acts and the defects in the subject Instant Pot® Pressure Cooker described above were individually and in combination causes in fact and legal causes of Plaintiff Roxana Lafleur's serious bodily injuries and other economic and non-economic harms and damages, including, but not limited to:

    a. Severe burns to Roxana Lafleur's torso, stomach and breasts;

    b. Physical and mental pain, suffering, and anguish, past and future;

    c. Emotional distress, past and future;

    d. Health care expenses, past and future;

    e. Loss of income and wages;

    f. Lost enjoyment of life, past and future;

    g. Disfigurement, past and future;

    h. Permanent Impairment;

    i. Disability, past and future;

    j. Actual and treble damages for Plaintiff's actual damages resulting from injury to Plaintiff's property. and costs of suit, including reasonable attorneys' fees, pursuant to Chapter 19.86 RCW; and

    k. Exemplary or punitive damages under Colorado law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Roxana Lafleur demands judgment against Defendants Guangdong Midea Consumer Electric Manufacturing Co., Ltd., Midea America Corp., Amazon.com, Inc., Amazon.com Sales, Inc. and Defendants Amazon.com Services, LLC Amazon.com Products, Inc., in an amount to be determined by a jury, to include:

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011

a. the monetary value of her special and general damages;

b. treble damages pursuant to RCW 19.86.090;

c. Exemplary and punitive damages pursuant to Colorado law;

d. prejudgment interest to the extent allowed by applicable law;

e. post-judgment interest;

f. taxable costs;

g. reasonable attorney fees to the extent allowed by Washington law; and,

h. All other relief available under the law to fully compensate Plaintiff for her injuries and damages.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 19th day of December 2025.


SLAVIK LAW FIRM, LLC

s/ *Donald H. Slavik*
Donald H. Slavik, WSBA # 34718
2834 Blackhawk Court
Steamboat Springs, CO 80487
Telephone (970) 457-1011
Facsimile: (267) 878-7697
Email: dslavik@slavik.us

*Attorneys for Plaintiff*

COMPLAINT AND JURY DEMAND - 26

Slavik Law Firm, LLC
2834 Blackhawk Court
Steamboat Springs, CO 80487
(970) 457-1011